IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LUKE BUNYON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 121-064 |
| | ) | |
| THE COUNTY OF RICHMOND, LAW | ) | |
| ENFORCEMENT OFFICERS, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, currently incarcerated at Burke County Detention Center in Waynesboro, Georgia, is proceeding *pro se* and *in forma pauperis* ("IFP") in this case filed pursuant to 42 U.S.C. § 1983. Because he is proceeding IFP, Plaintiff's complaint must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984) (*per curiam*); Al-Amin v. Donald, 165 F. App'x 733, 736 (11th Cir. 2006) (*per curiam*).

## I.     SCREENING THE COMPLAINT

### A.     BACKGROUND

Plaintiff names The County of Richmond, Law Enforcement Officers as the sole Defendant. (Doc. no. 1, pp. 1-2.) Taking all of Plaintiff's allegations as true, as the Court must for purposes of the present screening, the facts are as follows. On or about July 20-22, 2020, unspecified deputies from the Richmond County Sheriff's Office handcuffed and beat Plaintiff, and left him cuffed until the following day. (Id. at 4, 8.) The cuffs were too tight on Plaintiff's

wrists, resulting in gangrene, blood clots, and two amputated fingers.  (Id.)  The jail has not

provided the medication needed to treat Plaintiff's injuries, and he has been in and out of the

hospital since August 30, 2020.  (Id. at 5, 7.)  Plaintiff seeks immediate release from incarceration

and $1 million.  (Id. at 8.)

### B.      DISCUSSION

#### 1.      Legal Standard for Screening

The complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails

to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant

who is immune to such relief.  See 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).  A claim is frivolous

if it "lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325

(1989).  "Failure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as

dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)."  Wilkerson v. H & S, Inc.,

366 F. App'x 49, 51 (11th Cir. 2010) (per curiam) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490

(11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the

allegations in the complaint must "state a claim to relief that is plausible on its face."  Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility when the plaintiff

pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  That is, "[f]actual

allegations must be enough to raise a right to relief above the speculative level."  Twombly, 550

U.S. at 555.  While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed

factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation."  Iqbal, 556 U.S. at 678.  A complaint is insufficient if it "offers 'labels and

2

conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"   Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the Court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972).  However, this liberal construction does not mean that the Court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

## 2.    Plaintiff Fails to Identify Any Officer by Name

Plaintiff has failed to state a claim against any individual officer because he never identifies them by name or describes them in sufficient detail to allow for their identification. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010).

## 3.    The Richmond County Sherriff's Department is Not Subject to Liability in a § 1983 Suit

The Richmond County Sheriff's Department is not a legal entity subject to liability under § 1983.  See Lawal v. Fowler, 196 F. App'x 765, 768 (11th Cir. 2006) (affirming dismissal of Douglas County Sherriff's Department as defendant in § 1983 action); Green v. Cunningham, No. 4:18-cv-210, 2018 WL 6310269, at *3 (S.D. Ga. Dec. 3, 2018) (dismissing claim against Chatham County Metropolitan Police Department because "the police department is not an entity subject to suit under § 1983."); Northrup v. City of Brunswick, No. 2:17-cv-126, 2018 WL 715439, at *2 (S.D. Ga. Feb. 5, 2018) ("Police departments and sheriff's departments are not one of the three legal entities subject to suit."); Wilkerson v.

Brown, No. 6:16-CV-66, 2016 WL 4472972, at *2 (S.D. Ga. Aug. 23, 2016) ("[T]he Bulloch

County Sheriff's Department is not an entity subject to suit under Section 1983."); Ga. Insurers

Insolvency Pool v. Elbert Cty., 368 S.E.2d 500, 502 (Ga. 1988) (limiting § 1983 liability to "(1)

natural persons; (2) an artificial person (a corporation); and (3) such quasi-artificial persons as

the law recognizes as being capable to sue") (quotations omitted).  Thus, Plaintiff fails to state

a claim upon which relief can be granted against the Richmond County Sherriff's Department.

### 4.      Plaintiff Fails to State a Claim Against Richmond County

To impose § 1983 liability on a municipality or county, a plaintiff must allege "(1) that

his constitutional rights were violated; (2) that the municipality had a custom or policy that

constituted deliberate indifference to that constitutional right, and (3) that the policy or custom

caused the violation."  See McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).

Plaintiff fails to allege any facts to satisfy  these elements and thus fails to state a claim against

Richmond County.

### 5.      Plaintiff Is Not Entitled to Release from Custody

Plaintiff cannot seek release from custody in this civil action but must, instead, file a

habeas petition if he wishes to challenge the conviction and sentence that led to his

incarceration.  "Challenges to the validity of any confinement or to particulars affecting its

duration are the province of habeas corpus, Preiser v. Rodriguez, 411 U.S. 475, 500 (1973);

requests for relief turning on circumstances of confinement may be presented in a § 1983

action." Muhammad v. Close, 540 U.S. 749, 750 (2004) (*per curiam*); see also Siskos v. Sec'y,

Dep't of Corr., 817 F. App'x 760, 764 (11th Cir. 2020) (*per curiam*) (same).  Therefore, relief

in the form of immediate release is not available in these proceedings and such claim should

be dismissed.

5

## II.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 10th day of August, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA